# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TREONDOUS ROBINSON, # B-41303, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18-cv-086-DRH |
| LAMB, DR. AHMED, CUNNINGHAM, and SHERRY BENTON, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants have been deliberately indifferent to his serious medical condition. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an

1

objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that some of plaintiff's claims survive threshold review under § 1915A.

## **Litigation History**

As an initial matter, the Court notes that plaintiff has failed to disclose his

previous lawsuits as he was directed to do on the Court-provided Complaint form. (Doc. 1, p. 4). He lists only one lawsuit, from 2006, regarding an insurance claim. However, he omits any mention of two more recent cases filed during his imprisonment, which he should have disclosed in response to the instruction to list each lawsuit he has filed relating to his imprisonment. (Doc. 1, p. 4). The Complaint form clearly warns that a litigant who fails to comply with the directive to list his complete litigation history risks the summary denial of his Complaint. (Doc. 1, p. 4).

In 2008, plaintiff filed *Robinson v. Godinez, et al.*, Case No. 08-cv-5393, in the Northern District of Illinois; it was dismissed in 2011. In 2013, he filed an action in this Court, *Robinson v. Opolka, et al.*, Case No. 13-cv-489-MJR-SCW, which was dismissed in 2014. Plaintiff provides no explanation for his failure to include this litigation history in his Complaint.

Based on these omissions, this action is subject to dismissal. However, the Court does not find that dismissal of this case is warranted at this time. Plaintiff has not incurred any "strikes" to date within the meaning of 28 U.S.C. § 1915(g). Nonetheless, plaintiff is **WARNED**, in accordance with the "Disposition" section of this Order, that if he files any future lawsuit and fails to include his complete litigation history in his Complaint, he will be subject to sanctions which may include the summary dismissal of the case.

## The Complaint

Plaintiff has been housed at Lawrence since May 11, 2016. (Doc. 1, p. 10).

He has suffered since that time with recurring nasal polyps and sinus infections which severely impair his breathing and cause ongoing pain. (Doc. 1, pp. 7-9; Doc. 1-1, pp. 3, 7-8, 13-14, 18-19, 28-29, 31-32). The swelling and fluid buildup in his sinuses and ears has led to earaches, loss of hearing, and headaches. He cannot sleep normally due to his breathing impairment, and often wakes up gasping for air. Plaintiff also suffers from asthma, which is aggravated by his sinus problems, causing him to overuse his emergency inhaler in an effort to find some relief.

Plaintiff has seen Dr. Ahmed numerous times for treatment. (Doc. 1, pp. 6, 8). Ahmed has prescribed several courses of prednisone and given plaintiff nasal decongestants. These medications provide only temporary relief, and then plaintiff's symptoms recur, sometimes worse than before. Plaintiff is concerned that the repeated use of prednisone directed by Ahmed may be harmful, on top of its ineffectiveness. Ahmed does not conduct follow-up examinations to assess plaintiff's condition after giving him medication. Despite plaintiff's repeated requests for some alternative to this ineffective treatment, and for a referral to an Ear, Nose, & Throat specialist, Ahmed has continued to treat plaintiff with the same medications for approximately a year and a half.

Ahmed has initiated a referral for plaintiff to see an ENT specialist on two occasions. The first time in August 2017, the referral was denied after collegial review. The second time (September 2017), the referral was either denied by collegial review or was withdrawn by Ahmed (plaintiff's exhibits are not clear on

this point). (Doc. 1, p. 8; Doc. 1-1, pp. 9, 19, 31-33). Plaintiff further alleges that twice, he was recommended to undergo surgery for his nasal polyps and sinus condition, once while he was previously at Menard, and once during his incarceration at Lawrence. (Doc. 1-1, p. 19). However, the surgical referral was denied (he does not say by whom).

Plaintiff also sues Cunningham (Health Care Administrator) and Warden Lamb, seeking to hold them liable because they were the recipients of plaintiff's numerous grievances (which included emergency grievances to Lamb), as well as verbal requests for help. Plaintiff informed them of his ongoing symptoms and pain, the ineffective treatment provided by Dr. Ahmed, and his need for further evaluation or a referral, numerous times since mid-2016. However, Cunningham and Lamb failed to take any steps to assist plaintiff in obtaining treatment. (Doc. 1, pp. 6-8, 9).

Benton (Chair of the Administrative Review Board) is named because plaintiff blames her for frustrating his attempts to exhaust his administrative remedies through the grievance process. (Doc. 1, p. 6). He also claims that by ignoring his repeated requests for help to obtain proper medical treatment, Benton allowed the deliberate indifference to his medical condition to continue. *Id.* Plaintiff includes copies of a number of grievances he filed to complain about Ahmed's ineffective treatment, and points out that many of them were never answered by the grievance officer. Some of these he sent directly to Benton, and others made their way to her through the regular grievance appeal channels. Also

included are several responses from Benton, rejecting plaintiff's grievances because they were filed outside the required time frame, or because he did not include a copy of a response from Lawrence officials (whom he says failed to respond). (Doc. 1, pp. 9-11; Doc. 1-1, pp. 6, 11, 17, 20-25, 30).

Plaintiff seeks compensatory and punitive damages, as well as injunctive relief to ensure that he sees a specialist and obtains necessary treatment for his condition. (Doc. 1, p. 12). To date, he has not filed a separate motion seeking injunctive relief.

### Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment deliberate indifference claim against Ahmed, for continuing to treat plaintiff's nasal polyps and sinus infections with medication that is not effective to relieve his painful symptoms, and for failing to refer plaintiff to an outside specialist;
>
> **Count 2:** Eighth Amendment deliberate indifference claims against Cunningham, Lamb, and Benton, for failing to intervene to obtain effective treatment for plaintiff's conditions, after plaintiff informed them numerous times between July 2016 and late 2017 that Ahmed's treatment was not working;
>
> **Count 3:** Claim against Benton for preventing plaintiff from

exhausting his administrative remedies through the IDOC grievance and appeal process.

Counts 1 and 2 shall proceed for further review in this action. However, Count 3 fails to state a claim upon which relief may be granted, and shall be dismissed.

**Count 1 – Deliberate Indifference to Serious Medical Needs – Dr. Ahmed**

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). A defendant's inadvertent error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). The mere fact that a prescribed treatment has proven to be ineffective does not state a claim. *See Duckworth v. Ahmad*, 532 F.3d 675, 680 (7th Cir. 2008). However, the Seventh Circuit has found that an Eighth Amendment claim may be stated where a prison doctor persists over time in a course of treatment known to be ineffective, fails to order further testing, or refuses to refer the inmate to a specialist. *Greeno v. Daley*, 414 F.3d 645, 655 (7th Cir. 2005) (doctor continued ineffective treatment, and refused to order endoscopy or specialist referral over a two-year period during which plaintiff suffered from ulcer); *Kelley v. McGinnis*, 899 F.2d 612, 616-17 (7th Cir. 1990) (inmate may prevail if he can prove that defendant "deliberately gave him a certain kind of treatment knowing that it was ineffective"). *See also Ortiz v. Webster*, 655 F.3d 731, 735 (7th Cir. 2011); *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010).

In plaintiff's case, he has suffered from recurring polyps and sinus infections, accompanied by significant pain and impairment of his ability to breathe, hear, and sleep. The sinus condition has aggravated his asthma. It has allegedly progressed or persisted to the point that surgery has been recommended. These allegations sufficiently demonstrate that plaintiff suffers from an objectively serious medical condition, which satisfies the first component

of an Eighth Amendment claim. As to the subjective element, the duration of Dr. Ahmed's ineffective treatment of plaintiff's condition, and the failure to refer plaintiff for specialist evaluation and/or care in the face of his serious symptoms, suggests possible deliberate indifference on Ahmed's part. Further factual development may reveal that other individuals were responsible for impeding plaintiff's referral to a specialist. In any case, plaintiff may proceed at this time with his deliberate indifference claim against Ahmed in **Count 1.**

**Count 2 – Deliberate Indifference – Cunningham, Lamb, and Benton**

The Complaint indicates that Cunningham, the Health Care Administrator, was responsible for reviewing and responding to inmate grievances regarding medical treatment, but was not a direct provider of medical treatment to plaintiff. Lamb and Benton are non-medical officials.

In order to sustain a deliberate indifference claim against any of these administrative officials who were not directly involved in his medical care, plaintiff must show that the defendant was informed of his serious medical condition and of his contention that Dr. Ahmed's course of treatment had been ineffective, amounting to a denial of necessary care. If a defendant had such knowledge, but failed to take any action to remedy the alleged failure to address plaintiff's medical issues, the defendant may have been deliberately indifferent to plaintiff's medical needs. *See Perez v. Fenoglio*, 792 F.3d 768, 782 (7th Cir. 2015) (prisoner could proceed with deliberate indifference claim against non-medical prison officials who failed to intervene despite their knowledge of his serious medical condition

and inadequate medical care, as explained in his "coherent and highly detailed grievances and other correspondences"); *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) ("a prison official's knowledge of prison conditions learned from an inmate's communications can, under some circumstances, constitute sufficient knowledge of the conditions to require the officer to exercise his or her authority and to take the needed action to investigate and, if necessary, to rectify the offending condition.").

Plaintiff's repeated written grievances and verbal complaints to Cunningham and Lamb placed them on notice of his ongoing serious symptoms, and the fact that Ahmed's treatment had proven to be ineffective over approximately a year and a half. Nonetheless, Cunningham and Lamb continued to merely refer plaintiff back to the sick call process. The alleged failure of Cunningham and Lamb to take any further action to mitigate the risk of harm to plaintiff's health of this long-term ineffective treatment, may arguably amount to deliberate indifference. Accordingly, plaintiff may proceed with his claim in **Count 2** against Cunningham and Lamb at this early stage.

The grievances which plaintiff submitted directly to the Administrative Review Board, and which Benton reviewed, spelled out his history of symptoms and inability to obtain effective treatment. (Doc. 1-1, pp. 20-27). These grievances also explained plaintiff's failure to provide the responses to his earlier grievances as required by prison procedures, because he had never received a response. In addition, Benton received a number of other grievances in which

plaintiff detailed his ongoing serious medical problems and the failure of prison officials to effectively address them. Benton rejected each of these grievances, for reasons including the lack of required documents showing prison officials' responses, to untimely submission. This pattern continued for several months. Because plaintiff's communications to Benton arguably placed her on notice of his serious medical condition and the lack of effective treatment, and Benton took no steps to intervene on his behalf, the deliberate indifference claim against her is not subject to dismissal at this time. *See Perez*, 792 F.3d at 782.

**Count 2** shall proceed for further consideration against Cunningham, Lamb, and Benton.

**Dismissal of Count 3 – Inability to Exhaust Administrative Remedies**

Plaintiff cannot maintain a constitutional claim against Benton based on her alleged role in preventing him from exhausting his administrative remedies through the grievance appeal process.

Plaintiff's efforts to exhaust his administrative remedies by using the prison grievance process may be relevant in the event that a defendant raises a challenge to plaintiff's ability to maintain a § 1983 suit over the substantive matters raised in the grievances. *See* 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). A prisoner must exhaust all available administrative remedies prior to bringing a federal lawsuit, but where the issue of non-exhaustion is raised, courts will examine whether a grievance remedy was actually available to the prisoner. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); *Lewis v.*

*Washington*, 300 F.3d 829, 833 (7th Cir. 2002). Nonetheless, a defendant's action or inaction in handling plaintiff's grievances does not support an independent constitutional claim. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

For this reason, **Count 3** against Benton based on her alleged interference with plaintiff's efforts to exhaust his grievances shall be dismissed with prejudice.

## Disposition

**COUNT 3** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

Further, plaintiff is **ORDERED** to disclose his complete litigation history in any future complaint he may file in this Court, including any new lawsuit or amended complaint in an ongoing action. If plaintiff fails to comply with this order, he will be subject to sanctions as deemed appropriate by the Court, which may include the summary dismissal of any case in which he fails to disclose his prior lawsuits filed during any period of incarceration. *See* FED. R. CIV. P. 41(b).

The Clerk of Court shall prepare for defendants **LAMB, AHMED, CUNNINGHAM,** and **BENTON**: (1) Form 5 (Notice of a Lawsuit and Request to

Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a defendant who no longer can be found at the work address provided by plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C.

§ 636(c), *if all parties consent to such a referral.*

If judgment is rendered against plaintiff, and the judgment includes the payment of costs under § 1915, plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.03.05
17:15:01 -06'00'

United States District Judge