IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TREONDOUS ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:18-cv-86-DRH-RJD |
| | ) | |
| LAMB, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Treondous Robinson, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center ("Lawrence"). In particular, Plaintiff alleges he was not provided adequate medical care for recurring nasal polyps and sinus infections. Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he is proceeding on the following claims:

Count One: Eighth Amendment deliberate indifference claim against Dr. Ahmed for continuing to treat Plaintiff's nasal polyps and sinus infections with medication that was not effective to relieve his painful symptoms, and for failing to refer Plaintiff to an outside specialist.

Count Two: Eighth Amendment deliberate indifference claim against Cunningham, Lamb, and Benton for failing to intervene to obtain effective treatment for Plaintiff's conditions, after Plaintiff informed them numerous times between July 2016 and late 2017 that Dr. Ahmed's treatment was not working.

This matter is now before the Court on Plaintiff's Federal Rule of Civil Procedure 15(a) Motion to Amend/Supplement (Doc. 16). In his motion, Plaintiff asks that he be granted leave to add three defendants to this action: IDOC Acting Director John Baldwin, Warden Kink, and

Wexford Health Sources, Inc. As required by Local Rule, Plaintiff submitted a proposed amended pleading for review. Defendants have not responded to Plaintiff's motion.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (quoting *Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985)) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence."). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

In support of his claim against Warden Kink, Plaintiff alleges that Kink reviewed grievances, but ignored his complaints of pain, suffering, and discomfort. The basis for Plaintiff's claim against Director Baldwin is similar as Plaintiff alleges that Baldwin's concurrence with denials of his grievances at the Administrative Review Board level failed to address his complaints and he was effectively denied adequate and efficient medical treatment. Although sparse, Plaintiff's allegations are sufficient at this stage to state a claim for deliberate indifference against Defendants Kink and Baldwin in light of *Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015), in which the Seventh Circuit found that a plaintiff alleging defendants obtained actual knowledge of the

plaintiff's serious medical condition and inadequate medical care through grievances and other correspondence who failed to intervene or rectify the situation stated an Eighth Amendment claim. *Id.* at 782.

Plaintiff also seeks to add Wexford Health Sources, Inc. to this lawsuit, alleging that it ignored its own procedural process for granting further medical relief as many referrals to outside specialists were denied. Plaintiff also alleges that Wexford "indulged in possible corruption," however, Plaintiff provided little explanation concerning this allegation. The allegations here are simply too vague and broad to state a claim against Wexford. Further, Plaintiff fails to tie any particular injury to any specific Wexford policy or practice. Accordingly, Plaintiff's proposed *Monell* claim against Wexford fails.

For the foregoing reasons, Plaintiff's Federal Rule of Civil Procedure 15(a) Motion to Amend/Supplement (Doc. 16) is **GRANTED IN PART AND DENIED IN PART**. The Clerk of Court is directed to file Plaintiff's proposed amended complaint as the First Amended Complaint. The Clerk of Court is further directed to prepare for Defendants Chief Administrative Officer Kink and Acting Director John Baldwin: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Order to Defendants' places of employment as identified by Plaintiff. If Defendants fail to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendants, and the Court will require Defendants to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document

submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate of service stating the date on which a true and correct copy of any document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

For clarification, although the entirety of Plaintiff's proposed amended complaint will be filed as the First Amended Complaint, he is only proceeding on the following claims:

Count One: Eighth Amendment deliberate indifference claim against Dr. Ahmed for continuing to treat Plaintiff's nasal polyps and sinus infections with medication that was not effective to relieve his painful symptoms, and for failing to refer Plaintiff to an outside specialist.

Count Two: Eighth Amendment deliberate indifference claim against Cunningham, Lamb, and Benton for failing to intervene to obtain effective treatment for Plaintiff's conditions, after Plaintiff informed them numerous times between July 2016 and late 2017 that Dr. Ahmed's treatment was not working.

Count Three: Eighth Amendment deliberate indifference claim against Kink and Baldwin for failing to intervene and obtain effective treatment for Plaintiff's conditions after receiving notice of the same by way of grievance filings.

**IT IS SO ORDERED.**

**DATED: October 16, 2018**

          *s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**