IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TREONDOUS ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-86-RJD |
| | ) | |
| LAMB, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion to Compel filed on January 22, 2020 (Doc. 80). No response has been filed. For the reasons set forth below, the Motion is **DENIED**.

Plaintiff filed this action under 42 U.S.C. §1983 alleging his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center ("Lawrence"). In particular, Plaintiff alleges he was not provided adequate medical care for recurring nasal polyps and sinus infections. Relevant to the motion now before the Court, Plaintiff is proceeding in this action on a claim of deliberate indifference against Defendant Dr. Ahmed.

In his motion to compel, Plaintiff explains he served requests for production of documents and requests for admissions on Dr. Ahmed on November 21, 2019, and received his responses on December 20, 2019. Plaintiff complains that Defendant Dr. Ahmed responded by filing objections. Plaintiff also asserts he wrote to Defendant on December 26, 2019, pointing out the need for Defendant to respond. Plaintiff generally asserts that Defendant set forth objections on the ground that the discovery sought is irrelevant, burdensome, or have no merit.

The scope of discovery is set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

The current language of the Rule provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The Court has reviewed Plaintiff's requests for production and documents and admissions, and finds Defendant's responses, including his objections, to be proper. By way of example, in his fifth request for production, Plaintiff seeks "any available documents which show the required qualifications for an employee of Lawrence Correctional Center Health Care to conduct sick call medication examination(s) during the years 2016, 2017, 2018, 2019." Defendant Dr. Ahmed objected to the request on the basis of relevancy, and, without waiving his objection, indicated there were no such documents in his possession, custody, or control. The Court agrees. The qualifications for healthcare employees to conduct sick call is not relevant to this action or Plaintiff's claims against Dr. Ahmed. Further, Dr. Ahmed responded to the request by indicating he has no such documents. The Court finds this response and objection to be proper, along with his other responses and objections.

Because Defendant Dr. Ahmed has properly responded to Plaintiff's requests for documents and admissions, Plaintiff's Motion to Compel (Doc. 80) is **DENIED**.

The Court reminds the parties that this action remains stayed pursuant to 50 U.S.C. § 3932(b) until August 21, 2020.

**IT IS SO ORDERED.**

**DATED: April 2, 2020**

*s/* *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**